UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JUAN RODRIGUEZ,

Defendant.

---

12 Cr. 790 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is defendant Juan Rodriguez's motion for reconsideration of its July 1, 2020 order denying his motion for compassionate release, Dkt. 149 ("July 1 Op."). Dkt. 158 ("MTR Mem."). For the following reasons, the Court denies the motion.

On May 19, 2020, Rodriguez moved for compassionate release from FCI Danbury pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. Dkt. 141. Rodriguez is serving a sentence of 25 years' imprisonment followed by a lifetime term of supervised release, for his participation in (1) a successful robbery conspiracy to steal approximately $1.3 million in drug proceeds, in furtherance of which Rodriguez orchestrated the murder by asphyxiation of Henry Castano, and (2) a conspiracy to distribute five kilograms or more of cocaine. Rodriguez's current release date is February 5, 2034. See July 1 Op. at 1. On July 1, 2020, the Court denied the motion, finding Rodriguez's vulnerability to COVID-19 in prison decisively outweighed by the § 3553(a) factors supporting the sentence imposed. Rodriguez's confinement until the scheduled release date, the Court found, was necessary to punish Rodriguez, promote respect for the law, deter others, and protect the

1

community. *See generally id.* The Court incorporates by reference the factual background and analysis in its July 1, 2020 order.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Rodriguez moves for reconsideration of his compassionate release motion on the grounds that (1) he is especially vulnerable to COVID-19 given his age and medical conditions (he is age 68 and suffers from hypertension, stage 3 kidney disease, and other health issues), and (2) FCI Danbury does not adequately protect him against COVID-19 and has imposed harsh lockdowns. MTR Mem. at 1–2. As when it considered Rodriguez's original application for compassionate release, the Court assumes to be true Rodriguez's claims about his medical conditions and the heightened risks presented by his imprisonment. But neither Rodriguez's vulnerability nor the regrettable state of conditions at FCI Danbury comes anywhere near justifying his early release, in light of the § 3553(a) factors counseling his continued confinement.

In July 2020, the Court described Rodriguez's application for compassionate release as "likely the least tenable of the many this Court has thus far received." July 1 Op. at 5. That assessment remains true. Just punishment continues to require a 25-year prison sentence, and Rodriguez remains "a danger to the safety of any other person or to the community." U.S.S.G. 1B1.13(2). Rodriguez orchestrated the grotesque murder of a drug courier, Castano, in order to

steal over a million dollars of drug money from him. He "plotted to intercept Castano and if necessary, asphyxiate him to eliminate him as a witness to the robbery." July 1 Op. at 5. And that is what happened: Rodriguez's conspirators took the money Castano carried, bound Castano's face in duct tape, sat on him in the back of a car until he expired, then disposed of his body in a nearby cemetery. As the Court noted at sentencing, "it is hard to imagine a more profoundly immoral wrongful act." Dkt. 72 at 30–31. Rodriguez's motion for reconsideration claims, in a sentence, that he is remorseful for his crimes. But that expression does not make Rodriguez's vicious conduct any less worthy of lengthy incarceration or Rodriguez any less of a danger to society if released.

Rodriguez also protests the Court's characterization of him as a "career criminal" in its July 1, 2020 order, because he had not been convicted of the prior crimes described in the presentence report. That is of no moment. The Court noted at sentencing that Rodriguez had not been convicted of those crimes. The sentence imposed was predominantly aimed at achieving just punishment for the horrific conduct underlying the offense of conviction and the need to protect the public from future transgressions. Neither the sentence imposed nor the denial of compassionate release was based on an inaccurate understanding of Rodriguez's criminal history.

For avoidance of doubt, the Court reiterates its finding that releasing Rodriguez prior to the expiration of his sentence would offend the § 3553(a) factors, viewed in combination. Rodriguez's decision to murder Castano was nothing short of "pure evil." *Id.* at 30. The 25-year sentence imposed for such conduct—which was below the 27- to 34-year guidelines range calculated at sentencing—was and is eminently justified.

Accordingly, the Court denies Rodriguez's motion to reconsider its July 1, 2020 order denying his application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 25, 2022
       New York, New York